IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY T. LEWIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FARHAT,<br><br>　　　　　Defendant. | No.  2:24-CV-0233-DC-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions for the appointment of counsel, ECF Nos. 28 and 31.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that appointment of counsel is warranted because it is indigent, he is incarcerated, he has limited access to the prison law library, he is untrained in the law, and trial will likely involve conflicting testimony. The Court finds that these are the typical circumstances of prisoners litigating in federal court and are not the exceptional circumstances justifying appointment of volunteer counsel. Further, at this stage of the proceedings before any discovery has been conducted, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits. Finally, a review of the docket reflects that Plaintiff has been able to articulate cognizable claims on his own.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for the appointment of counsel, ECF Nos. 28 and 31, are denied.

Dated:  November 15, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE