IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAUNCEY T. LEWIS,

Plaintiff,

v.

FARHAT,

Defendant.

No.  2:24-CV-0233-DC-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are: (1) Plaintiff's motion for an outside medical examination, ECF No. 44; (2) Plaintiff's motions related to discovery, ECF Nos. 45, 46, and 47; (3) Plaintiff's motions relating to filing an amended complaint, ECF Nos. 52 and 59; and (4) Plaintiff's motion for a stay of proceedings, ECF No. 58.  Defendant has not responded to any of these filings.  Also before the Court is Plaintiff's second amended complaint, ECF No. 50.

Turning first to Plaintiff's motions relating to filing an amended complaint, Plaintiff has filed two separate requests to add a new defendant.  See ECF Nos. 52 and 59. Specifically, Plaintiff seeks to add as a party to this action Pavan Khanna, M.D., who is alleged to have performed surgery on Plaintiff in November 2021.  See id.; see also ECF No. 50 (second amended complaint).

/ / /

1

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Under this Court's local rules, a motion for leave to amend must be accompanied by a proposed amended complaint filed as an exhibit to the motion. See E. Dist. Cal. Local Rule 137(c).

Where leave of court to amend is required and properly sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Where a party files an amended complaint without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint).

///

///

2

Here, leave of court is required because Plaintiff's motions to add a new defendant were filed more than 21 days after service of Defendant Farhat's answer to the operative first amended complaint on September 23, 2024.  The Court thus considers the factors outlined above.

This action currently proceeds on Plaintiff's first amended complaint against Defendant Farhat, a physician at the California Health Care Facility (CHCF).  See ECF No. 17. According to Plaintiff, Defendant Farhat had a dangerous device placed into Plaintiff's right artery supply.  See id. at 2.  Plaintiff states that Defendant Farhat knew this device was dangerous but failed to advise Plaintiff of the dangers.  See id.  As reflected in the second amended complaint filed concurrently with the pending motions to add Dr. Khanna as a defendant, Plaintiff claims that Dr. Khanna is an outside doctor at St. Joseph Dignity Health and that Dr. Khanna performed the surgery, presumably at Defendant Farhat's direction.  See ECF No. 50.  Plaintiff adds that this surgery occurred in November 2019.  See id.  Based on these allegations, the Court finds that there is a reasonable relationship between the proposed amended pleading to add Dr. Khanna and the operative first amended complaint against Defendant Farhat. This factor favors amendment.

As to the second factor relating to delay, Plaintiff's requests to add a new defendant were filed after the close of discovery in this case and Plaintiff does not explain why he was unaware of Dr. Khanna's identity earlier.  This factor does not favor amendment.

Next, the Court considers the factors of judicial economy and speedy resolution of this case on the merits.  These factors are neutral in terms of amendment.  While the interests of judicial economy are served by having all of Plaintiff's claims related to the November 2019 surgery litigated in a single action, allowing amendment at this stage of the proceedings after discovery has closed would certainly delay resolution on the merits.

As to prejudice, this factor is also neutral.  Here, Plaintiff seeks to add a co-defendant who could share any liability which exists.  Thus, on one hand, Defendant Farhat would likely not be prejudiced by adding Dr. Khanna as a defendant.  On the other hand, however, discovery has closed and a delay in resolution of this case on the merits would prejudice Defendant Farhat.

The issue before the Court is that if allowed to proceed on the proposed second amended complaint submitted by Plaintiff with his motions to add Dr. Khanna as a defendant, the proposed second amended complaint would not be sufficient to proceed as against either Dr. Farhat or Dr. Khanna. Specifically, while the proposed second amended complaint adds some factual details, such as the date of the operation at issue in November 2019, Plaintiff does not allege facts to show either doctor's personal involvement. As such, the proposed second amended complaint is fatally flawed because Plaintiff does not allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Court will grant Plaintiff's motions to add Dr. Khanna as a defendant but will not order the action to proceed on the defective second amended complaint submitted with Plaintiff's motions. Plaintiff will be provided an opportunity to file a new second amended complaint as to his claims against Drs. Farhat and Khanna. In the meantime, the second amended complaint submitted with Plaintiff's motions to add Dr. Khanna as a defendant will be stricken as having been filed without prior leave of court.

Turning next to Plaintiff's motions relating to discovery, Plaintiff seeks the following: (1) an order that he be provided with surveillance video, ECF No. 45 and (2) an order that he be provided medical filed from St. Joseph Dignity Health relating to the November 2019 surgery, ECF Nos. 46 and 47. The Court construes these filings as motions to compel discovery.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

///

///

4

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Rule 37 also requires the moving party to meet and confer with the opposing party. See Fed. R. Civ. P. 37(a)(1).

Plaintiff's motions relating to discovery will be denied. First, Plaintiff has not presented any indication that he attempted to meet and confer with opposing counsel prior to filing his motions. Second, Plaintiff has not identified any discovery requests from Defendant or response thereto which Plaintiff alleges are insufficient. Third, as to the surveillance video, Plaintiff has not demonstrated how such discovery is relevant to his claims against Drs. Farhat and Khanna arising from the November 2019 surgery. Specifically, in his motion relating to a surveillance video, Plaintiff states that the video is from April 2022 when an incident involving non-party correctional officers occurred while Plaintiff was receiving treatment at the Natividad Medical Center. See ECF No. 45. Plaintiff does not, however, explain how this surveillance video is relevant to his claims arising in 2019.

Finally, the Court addresses Plaintiff's request for an independent medical evaluation and request for stay of proceedings. In his request for an independent medical evaluation, Plaintiff asks the Court to order that he be sent to an outside medical expert to discuss surgery to remove the foreign object he claims was left in his body following the November 2019 surgery. See ECF No. 44. In his motion for a stay of proceedings, Plaintiff states that he recently underwent surgery to remove the foreign object and asks for a stay of proceedings to allow him to recover from that procedure. See ECF No. 58. Given that Plaintiff has received surgery for removal of the foreign object, Plaintiff's request for an independent medical evaluation has been rendered moot. The Court will grant Plaintiff's request for a stay of proceedings.

Accordingly, IT IS HEREBY ORDERED as follows:

1.     Plaintiff's second amended complaint, ECF No. 50, is stricken as having been filed without leave of court.

2.     Plaintiff's motions to add Dr. Khanna as a defendant, ECF Nos. 52 and 59, are granted.

3.     Plaintiff's motions relating to discovery, ECF Nos. 45, 46, and 47, are denied.

4.     Plaintiff's motion for an independent medical evaluation, ECF No. 44, is denied.

5.     Plaintiff's motion for a stay of proceedings, ECF No. 58, is granted.

6.     This action is stayed for 90 days.

7.     Within 90 days from the date of this order, Plaintiff shall serve and file a report advising the Court and opposing counsel whether he is ready to proceed.

8.     Within 30 days of the Court's order lifting the stay of proceedings, Plaintiff shall file a second amended complaint asserting his claims against Drs. Farhat and Khanna arising from the November 2019 surgery.

9.     Upon the filing of a second amended complaint, the Court will issue a further discovery and scheduling order for this case.


Dated:  February 11, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6