IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAUNCEY T. LEWIS,

         Plaintiff,

     v.

FARHAT, et al.,

         Defendants.

No.  2:24-CV-0233-DC-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 63.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

1

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that appointment of counsel is warranted he is indigent, because he is incarcerated, and because a trial in this matter will likely involve conflicting testimony. See ECF No. 63. The Court finds that these are the typical circumstances of prisoners litigating in federal court and are not the exceptional circumstances justifying appointment of volunteer counsel. Further, while the Court has found that Plaintiff's claims are cognizable, Plaintiff has not established any particular likelihood of success on the merits of his claims against either named defendant. Finally, a review of the docket reflects that Plaintiff has been able to articulate cognizable claims on his own.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 63, is denied.

Dated:  July 7, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE